UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILLIP BURTON HAUSKEN, <br><br> Plaintiff, <br><br> v. <br><br> DEPT. OF CORRECTIONS, et al., <br><br> Defendants. | CASE NO. C14-5138 BHS <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 3), and Plaintiff Phillip Burton Hausken's ("Hausken") objections to the R&R (Dkt. 6).

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Judge Strombom's R&R properly observes that Hausken failed to complete his application to proceed in forma pauperis and by doing so avoided having his filing

ORDER - 1

1  dismissed as a "malicious filing that is duplicative of several other actions." Dkt. 3 at 1

2  (*citing Hausken v. Lewis*, 3:12-cv-5882-BHS-JRC (same cause of action)).

3      Hausken's instant filing is rather confusing. While his submission references and

4  was filed under another case number not assigned to Judge Strombom,[1] and it thanks

5  Judge Strombom for allowing him "the $350 dollar filing-fee and photo copying costs" in

6  a case number he cannot recall, Hausken does not specifically object to any finding in

7  Judge Strombom's R&R denying his motion to proceed in forma pauperis. Dkt. 6 at 1.

8  However, he indicates that he is submitting a financial affidavit with his application to

9  proceed in forma pauperis, and attaches some forms in an attempt to show that he is

10  indigent and qualifies to proceed in forma pauperis.  Dkt. 6 at 2-3. Hausken makes no

11  objections to the R&R's finding that had he completed an application to proceed in forma

12  pauperis his case would be dismissed as malicious because of duplicative filing.  *See id*.

13      The documents submitted by Hausken are not the forms the Court uses to

14  determine whether an applicant qualifies for indigency status such that he is entitled to

15  proceed in forma pauperis. Although he was sent the appropriate forms, he did not use

16  them. Dkt. 2.  The forms Hausken submits appear to be state court documents: the motion

17  to proceed in forma pauperis itself is a state form with the adapted title "Court of Appeals

18  of the State of Washington, Division III Tacoma" and the caption reads in part "In re

---

[1] Hausken includes the case number 3:12-cv-05882-BHS-JRC, which is his only other case currently open and active. That case, like this one, is assigned to the undersigned and currently pending before Magistrate Judge Richard Creatura.

Personal Restraint Petition of Daniel Lewis" (a named defendant in this case). Dkt. 6 at 3. In short, his application to proceed in forma pauperis is still deficient.

Moreover, as Judge Strombom found in her R&R, had Hausken submitted a proper application, his filing would have been deemed a malicious filing[2] as duplicative of multiple causes of action he has filed. *See* Dkt. 3 at 1.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) This action is **DISMISSED with prejudice**.

Dated this 10th day of June, 2014.

BENJAMIN H. SETTLE
United States District Judge

---

[2] In another action filed by Hausken also seeking damages for the fifty-cent monthly deduction from his prison account for cable television access, the Court adopted the R&R, dismissing the action as malicious because it was duplicative of multiple actions including 12-5882-BHS-JRC. *See* Cause No. 3:14-cv-5037, Dkts. 11 and 12. The Court informed Hausken that the term "malicious," "although not capable of precise definition" has been defined to include actions that "merely repeat[] pending or previously litigated claims" and are "irresponsible or harassing litigation." *See* Cause No. 3:14-cv-5037, Dkt. 11 (R&R) (*citing Abdul-Akbar v. Dept. of Corrections,* 910 F. Supp. 986, 99 (1995) and *Daves v. Sranton,* 66 F.R.D. 5 (1975)) and Dkt. 12 (Order adopting unopposed R&R).